**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of Delaware
_____(State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an
   amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | |
|---|---|
| 1. **Debtor's name** | WC 1212 East Sixth, LLC |

| | |
|---|---|
| 2. **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |

3. **Debtor's federal Employer Identification Number (EIN)**    8 3 – 0 8 0 1 2 8 7

4. **Debtor's address**

**Principal place of business**

| | |
|---|---|
| 814 | Lavaca Street |
| Number | Street |

| | | |
|---|---|---|
| Austin | TX | 78701 |
| City | State | ZIP Code |

| |
|---|
| Travis |
| County |

**Mailing address, if different from principal place of business**

| | |
|---|---|
| | |
| Number | Street |

P.O. Box

| | | |
|---|---|---|
| City | State | ZIP Code |

**Location of principal assets, if different from principal place of business**

| | |
|---|---|
| 1212 | East 6th Street |
| Number | Street |

| | | |
|---|---|---|
| Austin | TX | 78702 |
| City | State | ZIP Code |

5. **Debtor's website (URL)**

6. **Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding  LLP)
☐ Other. Specify: _____

| Debtor | **WC 1212 East Sixth, LLC** | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

5  3  1  1

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.  District _____ When _____ Case number _____
MM / DD / YYYY

District _____ When _____ Case number _____
MM / DD / YYYY

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes.  Debtor  See attachment          Relationship _____

District _____          When _____
MM / DD / YYYY

Case number, if known _____

| Debtor | WC 1212 East Sixth, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in *this* district?**

Check all that apply:

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

| Number | Street |
|---|---|

_____

| City | State | ZIP Code |
|---|---|---|

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:

☑ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☑ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

| Debtor | WC 1212 East Sixth, LLC | Case number *(if known)* |
|---|---|---|
| | Name | |

| 16. Estimated liabilities | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☑ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

■ I have been authorized to file this petition on behalf of the debtor.

■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  02 / 03 / 2020
MM / DD / YYYY

✖ _____      Brian Elliott
Signature of authorized representative of debtor      Printed name

Title  Corporate Counsel

**18. Signature of attorney**

✖ _____      Date  02 / 03 / 2020
Signature of attorney for debtor      MM / DD / YYYY

Joseph J. McMahon, Jr.
Printed name
Ciardi Ciardi & Astin
Firm name
1204      N. King Street
Number      Street
Wilmington      DE      19801
City      State      ZIP Code
(302) 658-1100 x 3      jmcmahon@ciardilaw.com
Contact phone      Email address

4819      DE
Bar number      State

**ATTACHMENT 1 – CASES FILED BY AFFILIATES**

| Case Name | Venue | Case Number | Date Petition Filed | Relationship to Debtor |
|---|---|---|---|---|
| 900 Cesar Chavez, LLC | Bankr. W.D. Tex. | 19-11527-tmd | 11/4/2019 | Affiliate |
| 905 Cesar Chavez, LLC | Bankr. W.D. Tex. | 19-11528-tmd | 11/4/2019 | Affiliate |
| 5th and Red River, LLC | Bankr. W.D. Tex. | 19-11529-tmd | 11/4/2019 | Affiliate |
| 7400 South Congress, LLC | Bankr. W.D. Tex. | 19-11530-tmd | 11/4/2019 | Affiliate |
| | | | | |
| WC 56 East Avenue, LLC | Bankr. W.D. Tex. | 19-11649-tmd | 12/2/2019 | Affiliate |
| | | | | |
| Silicon Hills Campus, LLC | Bankr. W.D. Tex. | 20-10042-tmd | 1/7/2020 | Affiliate |

The following debtor-affiliates filed voluntary petitions for chapter 11 relief as indicated below (Note:  the debtor is also listed):

| Case Name | Venue | Date Petition Filed | Relationship |
|---|---|---|---|
| | | | |
| WC Hirshfeld Moore, LLC | Bankr. D. Del. | 2/3/2020 | Affiliate |
| WC 805-809 East Sixth, LLC | Bankr. D. Del. | 2/3/2020 | Affiliate |
| WC 1212 East Sixth, LLC | Bankr. D. Del. | 2/3/2020 | Affiliate |
| WC 320 Congress, LLC | Bankr. D. Del. | 2/3/2020 | Affiliate |
| WC 901 East Cesar Chavez, LLC | Bankr. D. Del. | 2/3/2020 | Affiliate |
| WC 9005 Mountain Ridge, LLC | Bankr. D. Del. | 2/3/2020 | Affiliate |
| WC 103 East Fifth, LLC | Bankr. D. Del. | 2/3/2020 | Affiliate |
| WC 422 Congress, LLC | Bankr. D. Del. | 2/3/2020 | Affiliate |

## UNANIMOUS WRITTEN CONSENT OF THE MEMBER AND MANAGER
## OF WC 1212 EAST SIXTH, LLC

### February 3, 2020

Pursuant to and in accordance with Section 18-404 of the Delaware Limited Liability Company Act (the *"Act"*) and Section 9 of the Limited Liability Company Agreement of WC 1212 EAST SIXTH, LLC (the *"Company"*), as amended and restated (the *"Operating Agreement"*)[1], the undersigned, constituting the sole Member (the *"Member"*) and the sole Manager (the *"Manager"*) of the Company (the Member and the Manager, the *"Authorizing Entities"*), hereby take action, without holding a meeting, providing notice, or taking a vote, and consent to the adoption of the following resolutions as of the date first written above:

**WHEREAS,** the following resolutions are being adopted by the Authorizing Entities in the name and on behalf of the Company, acting (i) in their own capacity, and (ii) to the extent previously authorized, as officers of the Company (such capacities being referred to herein as the *"Applicable Capacities"*); and

**WHEREAS,** Section 9 of the Operating Agreement provides that the business affairs of the Company shall be managed under the direction of the Manager in the ordinary course of business; and

**WHEREAS,** Section 9 of the Operating Agreement provides that the prior unanimous written consent of the Member, the Manager and the Independent Managers is necessary to take any Material Action; and

**WHEREAS,** the term "Material Action" is defined in the Operating Agreement as including filing for bankruptcy protection;

**WHEREAS,** it is desirable and in the best interest of the Company, its creditors, its equity holders, and other interested parties, that a petition (the *"Petition"*) be filed seeking relief under the provisions of Chapter 11 of Title 11, United States Code (the *"Bankruptcy Code"*) in which the authority to operate as a debtor-in-possession will be sought.

**NOW THEREFORE, IT IS HEREBY RESOLVED,** that the Authorizing Entities find that the execution, delivery, and filing of the Petition is necessary and convenient to the conduct, promotion, and attainment of the business and purpose of the Company and that the execution, delivery, and filing of the Petition, is reasonably expected to directly and indirectly benefit the Company and is in the best interest of the Company; and it is further

**RESOLVED,** that in the judgment of the Authorizing Entities, it is desirable and in the best interest of the Company, its creditors, its equity holders, and other interested parties, that the Petition be filed seeking relief under the provisions of Chapter 11 of the Bankruptcy Code in which the authority to operate as a debtor-in-possession will be sought, and the filing

---

[1] All capitalized terms used herein and not otherwise defined shall have the same meaning as ascribed to them in the Operating Agreement.

1

of the Petition is authorized hereby, and the Company shall initiate a case and proceedings; and it is further

**RESOLVED,** that the Manager, Brian Elliott as counsel to the Manager, and any duly elected and appointed officers of the Company (collectively, the *"Authorized Persons"* and each an *"Authorized Person")* be, and hereby are, authorized and directed, for and on behalf of the Company, to execute and verify the Petition in the name of the Company under Chapter 11 of the Bankruptcy Code and cause the same to be filed in the United States Bankruptcy Court for the District of Delaware, in their Applicable Capacities, and without necessity for joinder or consent of any other person, with such changes therein as such Authorized Person executing the same shall approve, such approval to be evidenced conclusively by his or her execution and delivery of the Petition; and it is further

**RESOLVED,** that the Authorized Persons, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts and deeds that such Authorized Person deems necessary, appropriate, or desirable in connection with the Company's chapter 11 case (the *"Chapter 11 Case")* or the chapter 11 filings, including, without limitation, (i) the payment of fees, expenses, and taxes such Authorized Person deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing, and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates, and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Case with a view to the successful prosecution of the Chapter 11 Case (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard) ; and it is further

**RESOLVED,** that the Authorized Persons of the Company, or any of them, are hereby authorized to execute, verify and/or file or cause to be filed (or direct others to do so on their behalf), all documents including, without limitation, petitions, schedules, lists, affidavits, motions, pleadings, and other papers, and to take any and all action which they deem necessary or proper in connection with such proceedings under Chapter 11, and in that connection to retain and employ Ciardi Ciardi & Astin as principal bankruptcy counsel; and to retain and employ other legal counsel or professionals which they may deem necessary or proper with a view to the successful conclusion of such bankruptcy case (together, the *"Restructuring Professionals");* and it is further

**RESOLVED,** that the Authorized Persons of the Company are hereby authorized and directed to execute retention agreements, pay retainers, prior to, immediately upon and after the filing of the bankruptcy case, and to cause to be filed an application for authority to retain the services of the Restructuring Professionals; and it is further

**RESOLVED,** that the Authorized Persons are hereby authorized to give, make, sign, execute and deliver any agreements, letters, notices, certificates, acknowledgements, receipts, authorizations, instructions, releases, waivers, proxies, appointments of agents for service of process and other documents (whether of a like nature or not) (collectively, *"Ancillary Documents")* as may in the sole opinion and absolute discretion of any Authorized Person be

2

considered necessary or desirable for the purpose of giving effect to, consummating, completing, or procuring the performance and completion of the transactions contemplated by the foregoing resolutions, and to do all such acts and things and to agree to all fees, as might in the sole opinion and absolute discretion of any Authorized Person be necessary or desirable for the purposes aforesaid; and it is further

**RESOLVED,** the Ancillary Documents be in such form as any Authorized Person shall in such Authorized Person's absolute discretion and sole opinion approve, the signature of such Authorized Person on any of the Ancillary Documents being due evidence for all purposes of such Authorized Person's approval of the terms thereof on behalf of the Company; and it is further

**RESOLVED,** that any and all past actions heretofore taken by any Authorized Person or any member of the Company in the name and on behalf of the Company in furtherance of any or all of the foregoing resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects; and it is further

**RESOLVED,** that any or all of the foregoing resolutions may be executed in any number of counterparts, and transmitted by facsimile or in portable document format (.pdf), each of which when executed shall have the same force and effect as an original instrument, and all of which shall together constitute one and the same instrument.

[SIGNATURE(S) ON FOLLOWING PAGE]

IN WITNESS WHEREOF, the undersigned have executed this Consent, effective as of the date first written above.

**MEMBER:**

WC AUSTIN EQUITY IV, LLC,
a Delaware limited liability company

By: _____
    Name:  Natin Paul
    Title:  President

**MANAGER:**

WORLD CLASS IX HOLDINGS, LLC,
a Delaware limited liability company

By: _____
    Name:  Natin Paul
    Title:  President

4

**UNANIMOUS WRITTEN CONSENT OF THE INDEPENDENT MANAGERS
OF WC 1212 EAST SIXTH, LLC**

February 3, 2020

Pursuant to and in accordance with Section 18-404 of the Delaware Limited Liability Company Act (the *"Act")* and Section 9 of the Limited Liability Company Agreement of WC 1212 EAST SIXTH, LLC (the *"Company")*, as amended and restated (the *"Operating Agreement")*[1], the undersigned, constituting all the Independent Managers (the "*Independent Managers*") of the Company, hereby take action, without holding a meeting, providing notice, or taking a vote, and consent to the adoption of the following resolutions as of the date first written above:

**WHEREAS,** Section 9 of the Operating Agreement provides that the prior unanimous written consent of the Member, the Manager and the Independent Managers is necessary to take any Material Action; and

**WHEREAS,** the term **"**Material Action" is defined in the Operating Agreement as including filing for bankruptcy protection; and

**WHEREAS,** it is deemed desirable and in the best interest of the Company, its creditors, its equity holders, and other interested parties, that a petition (the *"Petition")* be filed seeking relief under the provisions of Chapter 11 of Title 11, United States Code (the *"Bankruptcy Code")* in which the authority to operate as a debtor-in-possession will be sought.

**NOW THEREFORE, IT IS HEREBY RESOLVED,** that the Independent Managers hereby consent to the Company filing (or causing to be filed) the Petition in the name of the Company under Chapter 11 of the Bankruptcy Code and cause the same to be filed in the United States Bankruptcy Court for the District of Delaware.

**RESOLVED,** that the Independent Managers agree to later deliver an original counterpart to Company upon request.

[SIGNATURE(S) ON FOLLOWING PAGE]

---

[1] All capitalized terms used herein and not otherwise defined shall have the same meaning as ascribed to them in the Operating Agreement.

304343353 v2

**IN WITNESS WHEREOF,** the undersigned have executed this Consent, effective
as of the date first written above.

**INDEPENDENT MANAGER:**

By: _____

Name: Richard Arthur

**INDEPENDENT MANAGER:**

By: _____

Name: Colleen De Vries

**Fill in this information to identify the case:**

Debtor name   WC Hirshfeld Moore, LLC, et al.

United States Bankruptcy Court for the: _____ District of   Delaware
                                                                      (State)

Case number (If known):   20-_____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders, on a Consolidated Basis   12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| | | | | | | | |
| 1 | AT&T PO Box 105414 Atlanta, GA  30348-5414 | | | | | | $393.27 |
| 2 | Austin Deep Tissue Center, Inc. 320 Congress Avenue, Suite A2 Austin, TX  78701 | | | C, U, D | | | Unknown |
| 3 | Burnpile LLC 1800A Cinnamon Path Austin, TX 78704; 8006 Willet Trail, Austin, TX 787445 | | | C, U, D | | | Unknown |
| 4 | Chatham Hedging Advisors 235 Whitehorse Lane Kennett Square PA 19348 | | | C, U, D | | | Unknown |
| 5 | Jos. A. Bank Clothiers, Inc. 320 Congress Avenue, Suite A1 Austin, TX  78701 | | | C, U, D | | | Unknown |
| 6 | Spectrum/Charter Communications PO Box 60074 City of Industry, CA 91716-0074 | | | | | | $125.00 |
| 7 | Texas Gas PO Box 219913 Kansas City, MO 64121-9913 | | | | | | $62.06 |

| Debtor | WC Hirshfeld Moore, LLC, et al. | | | | Case number *(if known)* | 20- | | |
|---|---|---|---|---|---|---|---|---|
| | Name | | | | | | | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | Wells Fargo Bank, N.A. 401 South Tryon Street, Eighth Floor, MAC D1050-084 Charlotte, NC  28202-4200 | | | C, U, D | | | Unknown |
| 9 | World Liquor & Tobacco 805 East 6th Street Austin, TX 78702 | | | C, U, D | | | Unknown |
| 10 | City of Austin PO Box 2267 Austin, TX 78783-2267 | | | D | | | $11,904.37 |
| 11 | Texas Comptroller of Public Accounts Revenue Accounting Division-Bankruptcy PO Box 13528 Capitol Station, Austin, TX 78711 | | | C, U, D | | | Unknown |
| 12 | Travis County Tax Assessor Attn:  Bluce Elfant 5501 Airport Blvd Austin, TX 78751 | | | C, U, D | | | Unknown |
| 13 | | | | | | | |
| 14 | | | | | | | |
| 15 | | | | | | | |
| 16 | | | | | | | |
| 17 | | | | | | | |
| 18 | | | | | | | |
| 19 | | | | | | | |

Debtor    WC Hirshfeld Moore, LLC
_____
          Name

Case number *(if known)* 20-_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20 | | | | | | |
| 21 | | | | | | |
| 22 | | | | | | |
| 23 | | | | | | |
| 24 | | | | | | |
| 25 | | | | | | |
| 26 | | | | | | |
| 27 | | | | | | |
| 28 | | | | | | |
| 29 | | | | | | |
| 30 | | | | | | |
| | | | | | | |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

_____

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| WC HIRSHFELD MOORE, LLC, *et al.*, | : | Case No. 20- |
| | : | (Joint Administration Requested) |
| Debtors.[1] | : | |
| | : | |
| _____ | : | |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
PURSUANT TO FED. R. BANKR. P. 1007(a)(1)**

Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(1), the above-captioned debtors and debtors in possession (each, a "<u>Debtor</u>" and, collectively, the "<u>Debtors</u>") state:

1.     100% of the membership interests of each of the Debtors is owned by WC Austin IV Equity, LLC.

_____

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  WC Hirshfeld Moore, LLC (8478); WC 103 East Fifth, LLC (3638); WC 320 Congress, LLC (0667); WC 422 Congress, LLC (7328); WC 805-809 East Sixth, LLC (9019); WC 901 East Cesar Chavez, LLC (2657); WC 1212 East Sixth, LLC (1287); and WC 9005 Mountain Ridge, LLC (8534)  The Debtors' service address is 814 Lavaca Street, Austin, TX 78701.

**Fill in this information to identify the case and this filing:**

Debtor Name __WC 1212 East Sixth, LLC__

United States Bankruptcy Court for the: _____ District of __Delaware__
                                                                                    (State)

Case number (*If known*): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

---

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

❑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

❑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

❑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

❑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

❑ *Schedule H: Codebtors* (Official Form 206H)

❑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

❑ Amended *Schedule* ____

■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

■ Other document that requires a declaration Consolidated Corporate Ownership Statement Pursuant to Fed. R. Bankr. P. 1007(a)(1)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __02/03/2020__                    X _____
                MM / DD / YYYY                              Signature of individual signing on behalf of debtor

                                              __Brian Elliott__
                                              Printed name

                                              __Corporate Counsel__
                                              Position or relationship to debtor